UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JEFFREY GOODWIN, | ) | CASE NO. 1:07 CV 2357 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| KENNETH KOCHEVAR, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On August 2, 2007, plaintiff pro se Jeffrey Goodwin filed this action under 42 U.S.C. § 1983 against Cuyahoga County Jail Director of Corrections Kenneth Kochevar, Medical Director Emmanuel Tuffor, Health Care Administrator Chris Dubber, and Warden Kevin McDonough. In the complaint, plaintiff alleges he has been denied appropriate medical treatment. He seeks monetary damages.

*Background*

Mr. Goodwin lists a myriad of medical ailments from which he suffers. He claims that he was bitten by a spider on May 25, 2007. He states he was given hydrocortisone cream. He indicates he also spoke with a physician about pain he was experiencing in his neck in a spot where he had surgery for two herniated disks. He states that "nothing was done." (Compl. at 3.) He contends he informed the physician that he had hepatitis B and C and requested an ultrasound of

his liver. The physician did not order the procedure. He suggests that at one point during his incarceration he was inadvertently told to take Tylenol, which he should avoid due to his liver disease. He claims he suffered from cramps and stomach pain. He indicates that he was told to take Motrin instead of Tylenol and to add Tums, "but the damage was done to my stomach which now requires Zantac." (Compl. at 4.) Mr. Goodwin states that he developed a staph infection from the spider bite and now fears he will be bitten by another spider. He contends that Dr. Tuffor is not concerned about his back. He indicates that his left index finger is numb and pulsates a stabbing pain throughout his left arm. He seeks "proper treatment" and $100,000.00 from each defendant.

## *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Mr. Goodwin fails to state a claim under 42 U.S.C. § 1983. To establish a prima

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Mr. Goodwin does not specify a particular federal constitutional right of which he was deprived; however, the court liberally construes his claim as one of deliberate indifference to serious medical needs. "Deliberate indifference" by prison officials to an inmate's serious medical needs constitutes "unnecessary and wanton infliction of pain" in violation of the Eight Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Although the Eighth Amendment's protections apply specifically to post-conviction inmates, see Barber v. City of Salem, Ohio, 953 F.2d 232, 235 (6th Cir.1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. Thompson v. County of Medina, Ohio, 29 F.3d 238, 242 (6th Cir.1994); see also Molton v. City of Cleveland, 839 F.2d 240, 243 (6th Cir.1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard).

        The Supreme Court has adopted a mixed objective and subjective standard for ascertaining the existence of deliberate indifference in the context of the Eighth Amendment. A prison official cannot be held liable under the Eighth Amendment, or a jail official under the Fourteenth Amendment, for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id. The objective component of the test requires the existence of a "sufficiently serious" medical need.

Blackmore v. Kalamazoo County, 390 F.3d 890, 895 (6th Cir.2004). A sufficiently serious medical need is predicated upon the inmate demonstrating that he or she "is incarcerated under conditions imposing a substantial risk of serious harm." Id. (quoting Farmer, 511 U.S. at 834). The subjective component, by contrast, requires a showing that the prison official possessed "a sufficiently culpable state of mind in denying medical care." Id. (quoting Farmer, 511 U.S. at 834). An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. Id. at 837. Mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n. 5. (6th Cir. 1976).

Mr. Goodwin fails to establish the subjective component of his claim. He lists many ailments from which he suffers. The Constitution, however does not guarantee that an inmate or detainee will enjoy good health during confinement nor does it require prison or jail officials to cure all inmates of their diseases and injuries. It requires only that the official not consciously disregard a substantial risk of harm by demonstrating deliberate indifference to the inmate's serious medical needs. Many of Mr. Goodwin's allegations discuss only the ailment, but do not mention the treatment that was received or denied. Other of his allegations discuss treatments which he claims were negligent. Claims of negligence, however, do not state a claim for relief under the Eighth or Fourteenth Amendments. Id. None of the allegations in the complaint reasonably

suggests that any of the defendants consciously disregarded a serious risk to Mr. Goodwin's health by denying him medical treatment. Absent these types of allegations, he fails to satisfy the subjective component of his claim.

### *Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

November 1, 2007

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.